IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY J. SMITH            )
                            )
v.                          ) NO. 3-13-0117
                            ) JUDGE CAMPBELL
BANK OF AMERICA, N.A.       )

MEMORANDUM

Pending before the Court is Defendant's Amended Motion to Dismiss (Docket No.18). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff was the owner of a home in Franklin, Tennessee, for which Defendant was, at all relevant times, the mortgagor. Plaintiff alleges that in August of 2010, he contacted Defendant to inquire about Defendant's "Making Home Affordable" program to determine his qualification for a mortgage reduction as to the home.

Plaintiff contends that, during the time period from that initial contact until Defendant sold the home in foreclosure on February 22, 2012, Defendant consistently and continually told Plaintiff that so long as he was working toward acceptance into the "Making Home Affordable" program, Defendant would not foreclose on the home and property. Plaintiff alleges that Defendant repeatedly requested financial information from Plaintiff and promised to send Plaintiff additional documents for filing. Plaintiff claims that he provided all requested information and yet received numerous Fed Ex packages from Defendant, all requesting the exact same financial information.

Plaintiff also asserts that, during this time period, he received five letters from the law firm of Wilson & Associates, notifying Plaintiff that it had been retained by Defendant to execute foreclosure proceedings against Plaintiff's home and property. Plaintiff avers that, each time he

received such a notice, he contacted Defendant and was told that a foreclosure action would not take place so long as the parties were working toward a reduction in the loan modification program. All scheduled sales were postponed except the February 22, 2012 sale.

On February 22, 2012, Defendant sold Plaintiff's home and property in foreclosure, despite the reassurances Plaintiff claims he received from Defendant that no foreclosure would take place. Plaintiff alleges that, on February 29, 2012, *after* the foreclosure sale, Defendant informed Plaintiff that Defendant was prepared to offer a loan modification based on financial information submitted in 2009. Nonetheless, Plaintiff subsequently received a letter from Defendant, dated February 29, 2012, again after the foreclosure sale, stating that Plaintiff was *not* entitled to a loan modification because Plaintiff did not provide the documents Defendant requested and the investors involved had not given Defendant contractual authority to modify Plaintiff's loan.

Plaintiff avers that the property sold at foreclosure for $227,700.00 and that the loan balance on the property was $206,749.89. Plaintiff alleges that Defendant has refused to remit to Plaintiff the balance owed in the amount of $20,950.11 on the home and property.

Plaintiff asserts causes of action against Defendant for promissory estoppel, negligent misrepresentation, promissory fraud and conversion. Defendant has moved to dismiss all claims except the conversion claim.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PROMISSORY ESTOPPEL

Plaintiff alleges that Defendant is liable to him pursuant to the doctrine of promissory estoppel because Defendant made certain promises not to foreclose on Plaintiff's property, upon which Plaintiff reasonably relied to his detriment.

Promissory estoppel is based upon a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance. *Grona v. Citimortgage, Inc.*, 2012 WL 1108117 at * 4 (M.D. Tenn. April 2, 2012); *Barnes & Robinson Co., Inc. v. Onesource Facility Services, Inc.*, 195 S.W.3d 637, 645 (Tenn. Ct. App. 2006). Under Tennessee law, a plaintiff bringing a promissory estoppel claim must show three elements: (1) a promise was made; (2) the promise was unambiguous and not unenforceably vague; and (3) he reasonably relied upon the promise to his detriment. *Grona* at * 4; *Vaughter v. BAC Home Loans Services, LP*, 2012 WL 162398 at * 4 (M.D. Tenn. Jan. 19, 2012).

There are limits, however, to the application of promissory estoppel: (1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting

3

in reliance must have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justified reliance on the promise as made. *Barnes & Robinson*, 195 S.W.3d at 645.

Defendant views Plaintiff's promissory estoppel claim as relating to his application for loan modification and argues that a contract existed which precludes a promissory estoppel claim. Plaintiff's claim relates to the promise not to foreclose, however, not any alleged promise to modify the loan. Plaintiff alleges that he reasonably relied upon Defendant's promise not to foreclose on his property while they were negotiating a loan modification for Plaintiff's mortgage. The detriment suffered was substantial - the loss of his home - and it is foreseeable that, if Plaintiff relied upon that promise, he could lose his home.

The Court also finds that Plaintiff has sufficiently alleged detrimental reliance upon Defendant's promise not to foreclose. Plaintiff's Third Amended Complaint (Docket No. 14) contends that, based upon that promise, Plaintiff did not take steps to stop the foreclosure and he did not protect his property interest by selling his home on the open market or by attempting to use a "short sale" or a deed in lieu of foreclosure.

Because the allegations of promissory estoppel are sufficient to state a plausible claim at this point in the litigation, Defendant's Motion to Dismiss Plaintiff's promissory estoppel claim is denied.

## NEGLIGENT MISREPRESENTATION

Plaintiff alleges that Defendant advised Plaintiff that Defendant would not proceed with the scheduled February 2012 foreclosure and sale of his home so long as the loan modification negotiations were on-going and that this representation was false.

To succeed on a claim for negligent misrepresentation, a plaintiff must establish that the defendant supplied information to the plaintiff, that the information was false, that the defendant did not exercise reasonable care in obtaining or communicating the information, and that the plaintiff justifiably relied upon the information. *Renasant Bank v. Ericson*, 2012 WL 640659 at * 16 (M.D. Tenn. Feb. 27, 2012); *Staggs v. Sells*, 86 S.W.3d 219, 223 (Tenn. Ct. App. 2001).

Defendant argues that Plaintiff cannot base a misrepresentation claim upon Defendant's failure to disclose that the foreclosure sale was going forward. That is not the misrepresentation claim which Plaintiff alleges. Plaintiff contends, as stated above, that Defendant affirmatively represented to Plaintiff that the foreclosure would *not* go forward.

Defendant also argues that Plaintiff has not shown detrimental reliance upon any representation of Defendant. As indicated above, Plaintiff has alleged that he reasonably relied upon Defendant's alleged misrepresentation about the foreclosure, did not take steps to stop the foreclosure, and did not protect his property interest by selling his home on the open market or by attempting to use a "short sale" or a deed in lieu of foreclosure.

Plaintiff has sufficiently alleged a claim for negligent misrepresentation at this stage of the litigation. Therefore, Defendant's Motion to Dismiss the negligent misrepresentation claim is denied.

## PROMISSORY FRAUD

Plaintiff claims that Defendant is liable to him for the willful and/or intentional promises made by Defendant's employees and agents to the Plaintiff and upon which he relied. The Court sees this promissory fraud claim as an alternative to Plaintiff's negligent misrepresentation claim, since promissory fraud requires intent.

5

The promise which Plaintiff seeks to enforce through this lawsuit is Defendant's alleged promise not to foreclose on Plaintiff's property while the parties were negotiating a loan modification. Defendant maintains that Plaintiff has not established that any representation was made with a present intent not to perform and that Plaintiff cannot show an intent to defraud. Defendant argues that the facts alleged do not establish any willful or intentional act.

The elements of a promissory fraud claim as (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the misrepresentation's falsity - that the representation was made knowingly or without belief in its truth or recklessly without regard to its truth; (3) plaintiff's reasonable reliance on the misrepresentation and resulting damage; and (4) the misrepresentation related to an existing or past fact or, if the claim is based upon promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, 823 F.Supp.2d 786, 814 (W.D. Tenn. 2011). Promissory fraud is a type of fraud perpetuated by means of a false promise of future action. *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998); *Roopchan v. ADT Security Systems, Inc.*, 781 F.Supp.2d 636, 653 (E.D. Tenn. 2011).

Plaintiff contends that Defendant's agent, Mr. Peterson, either knew that his representation was false or made it without regard to its truth or falsity because he did not take any action to cancel the foreclosure sale once he became aware of it. There may be questions of fact as to what Mr. Peterson knew and when he knew it, but for purposes of this Motion, Plaintiff's allegations are sufficient. Whether Mr. Peterson made statements to Plaintiff without the present intent to perform those actions is more appropriately determined at a later stage in this case.

Defendant also argues that Plaintiff has not sufficiently alleged injury or damages from Defendant's alleged misconduct. Plaintiff's Third Amended Complaint alleges that Plaintiff incurred damages from the loss of his home and property because of his inability to stop the foreclosure sale or otherwise to protect his property interest. The question here is not whether Plaintiff can prove any damages, but whether he has sufficiently alleged damages. The Court finds that he has.

Therefore, for these reasons, Defendant's Motion to Dismiss Plaintiff's promissory fraud claim is denied.

## CONCLUSION

For the reasons explained herein, Defendant's Amended Motion to Dismiss (Docket No.18) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE